UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>    Plaintiff,<br><br>v.<br><br>JESUS ANGEL SANCHEZ,<br><br>    Defendant. | Case No. 18-cr-00560-HSG-3<br><br>**ORDER GRANTING UNITED STATES' MOTION TO REVOKE RELEASE ORDER; DETENTION ORDER**<br><br>Re: Dkt. No. 41 |

Pending before the Court is the United States' motion to revoke the pretrial release order issued on the record on November 30, 2018. *See* Dkt. No. 41 ("Mot.") at 6.[1] For the following reasons, the Court **GRANTS** the United States' motion and **ORDERS** the Defendant detained pending trial.

## I. BACKGROUND

Defendant Jesus Angel Sanchez was charged by grand jury indictment on November 29, 2018 with one count of conspiracy to deal firearms without a license, 18 U.S.C. § 371; three counts of dealing firearms without a license, 18 U.S.C. §§ 922(a)(1)(A), 2; one count of conspiracy to commit robbery of mail, money, or other property of the United States and to assault a federal officer, 18 U.S.C. § 371; one count of robbery of mail, money, or other property of the United States, 18 U.S.C. §§ 2114(a), 2; one count of assault on a federal officer with a deadly or dangerous weapon, 18 U.S.C. §§ 111(b), 2; and one count of using, carrying, and brandishing a firearm during, and in relation to, a crime of violence, and aiding and abetting that offense, 18 U.S.C. 924(c)(1)(A)(ii), 2. *See* Superseding Indictment, Dkt. No. 23 at 2–15.

Previously, the grand jury had charged Defendant with being a member of a seven-person

---

[1] Although styled as an appeal, the Court will treat the government's request as a motion to revoke the release order under 18 U.S.C. § 3145.

gun trafficking operation that sold 35 illegal firearms between January and October 2018. *See* Indictment, Dkt. No. 1 at 2–6; *see also* Mot. at 1. The government further proffers that between the time that Defendant was charged under seal in the original Indictment and the time he was arrested, he and two of his co-defendants robbed an undercover federal agent at gunpoint. *See* Superseding Indictment at 11–14; Mot. at 4–5. Specifically, the government alleges that Defendant offered to sell eight firearms to an undercover agent, "lured" the agent to where Defendant's armed co-defendants were waiting to ambush the agent, and "collected the agent's property" while his co-defendants pointed their guns at the agent. *See* Mot. at 4–5; *see also* Superseding Indictment at 11–13.

Defendant was arrested on November 19, made his initial appearance before Judge Ryu on November 20, and was present for a detention hearing on November 26. *See* Dkt. Nos. 5, 10, 16. At a second detention hearing on November 30, Judge Ryu stated that she planned to order Defendant released on bond but would stay her decision until December 3 so that the United States could seek review in the district court. *See* Dkt. No. 31. This Court stayed the pretrial release order on December 3 pending review of Judge Ryu's order. *See* Dkt. No. 36.

Defendant filed an opposition to the motion for revocation on December 5, Dkt. No. 42 ("Opp."), and the United States replied on December 6, Dkt. No. 45 ("Reply"). The Court held a hearing on the motion on December 7.

**II.     LEGAL STANDARD**

If a defendant is ordered released by a magistrate judge, "the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a)(1). When the government moves for review of a release order, the district court must consider the magistrate judge's denial of pre-trial detention de novo, as if the district court were reviewing its own action. *See United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir. 1990).

Under the Bail Reform Act of 1984, a defendant may be detained pending trial if the Court finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(e)(1).

2

Where, as here, there is probable cause to believe that the defendant committed an offense under 18 U.S.C. § 924(c), there is a rebuttable presumption that no condition or combination of conditions reasonably will assure the defendant's appearance as required and the safety of the community. 18 U.S.C. § 3142(e)(3)(B). The presumption of detention shifts the burden of production to the defendant, but the ultimate burden of persuasion remains with the government. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

"If a defendant proffers evidence to rebut the presumption of dangerousness, the court considers four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged . . .; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." *Id.* The weight of the evidence "is the least important" factor. *See United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). The nature of the offense and evidence of guilt "may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community." *Id.* "The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Hir*, 517 F.3d at 1086 (internal quotation omitted). The defendant must show "some credible evidence" to rebut the presumption. *United States v. Chen*, 820 F. Supp. 1205, 1207 (N.D. Cal. 1992).

Ultimately, the government bears the burden to prove either (1) by a preponderance of the evidence that there are no conditions that reasonably will assure the defendant's appearance as required, or (2) by clear and convincing evidence that there are no conditions which reasonably will assure the safety of the community. *See* 18 U.S.C. § 3142(f); *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990). An order of detention "shall [not] be construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j).

3

## III. DISCUSSION

The Court has carefully reviewed the record, including the motion and reply of the United States (including the exhibits related to Defendant's state charges), Defendant's opposition, and the Pretrial Services pre-bail report dated November 21, 2018 and the addendum dated November 29, 2018. The Court also listened to the recordings of the November 26 and November 30 detention hearings before Magistrate Judge Ryu, and conducted its own hearing on the government's motion on December 7. Applying de novo review to the order to release Defendant, the Court concludes that Defendant has not rebutted the presumption that there are no conditions which reasonably will assure the safety of the community, and therefore orders the Defendant detained pending trial.

First, the nature and circumstances of the offense are serious and weigh in favor of detention. Defendant is alleged to have participated in a conspiracy not only to sell illegal firearms, but to rob a potential purchaser (an undercover federal agent) at gunpoint. *See* Mot. at 1. The government proffers that Defendant personally set up the firearm sale, lured the agent to where his co-conspirators were waiting to rob the agent at gunpoint, took the agent's keys and $8,000 in cash, and fled with the keys and cash while a co-conspirator continued to hold the agent at gunpoint. *See id.* at 4–5. Moreover, the government proffers evidence that Defendant personally sold 21 illegal firearms (including Glock, Beretta, and Ruger pistols and at least one AM-15 assault rifle) on three occasions between August and October 2018. *See id.* at 2–3; Superseding Indictment at 8–10. And the government proffers that Defendant stored many of the illegal firearms in his mother's house and conducted the sales either in front of his mother's house or in his truck. *See* Mot. at 2–3. All of the alleged crimes involved illegal sale or use of firearms and posed a substantial danger to the community.

It especially concerns the Court that all of this alleged criminal activity occurred while Defendant was under the supervision of the Alameda County Superior Court, as described in more detail below. *See* Reply Ex. 1 at 2. One of the terms imposed on Defendant was not to "suffer any new arrests," and based on the government's proffer, Defendant did not comply with the letter or spirit of this condition. *See id.*

Second, the weight of the evidence is substantial, given the government's representations that the alleged illegal firearm sales and robbery were captured on video and observed by federal agents. *See* Mot. at 10. Although this factor weighs in favor of detention, the Court gives it the least weight, as required by controlling authority.

Third, Defendant's history and characteristics are mixed, but on balance weigh in favor of the Court's conclusion that Defendant has not rebutted the presumption of detention. Defendant has presented family members who spoke to their relationship with Defendant, their ability to supervise him if he were released pending trial, and their willingness to sign as sureties. *See* Opp. at 4. That said, the government alleges that Defendant committed the charged crimes while living with his mother, and, unbeknownst to her, stored firearms in her home and sold them just outside it. *See* Reply at 4. Though Defendant proposed that he be released on electronic monitoring into his father's home to change his environment, his father has a full-time job and would be able to supervise Defendant for only part of the day. The Court also finds that while Defendant's relatives are sincere in their commitment, the record here suggests that they do not have the ability to adequately ensure Defendant's compliance, based on their other work and personal commitments as described at the November 30 hearing. Understandably, these commitments also appear to have precluded them from understanding the true scope and nature of the Defendant's alleged criminal involvement over the past year.

But the most salient characteristic of the Defendant in the Court's view is the one referenced earlier: Defendant is alleged to have committed substantial gun trafficking and robbery offenses, without his family's knowledge, in direct and flagrant violation of conditions imposed on him by the court in his state court criminal case. Defendant was arrested in December 2017 for carrying a loaded handgun in violation of California law and was given the opportunity to participate in a diversion program, subject to a number of conditions, including that he not suffer any new arrests. *See* Reply at 2–3; *id.* Ex. 1. The record appears to reflect that if Defendant successfully completed the diversion program, the case would be dismissed. *Id.* On the other hand, if Defendant failed to successfully complete the program, he would be sentenced to 120 days in County jail and three years of probation. *Id.*

5

The government alleges, with evidentiary support, that while Defendant was under the supervision of the Alameda County Superior Court, he illegally sold numerous firearms and committed an armed robbery. The Court finds it extremely troubling that Defendant appears to have shown no regard for the Superior Court's order, instead participating in serious and escalating criminal conduct. In the Court's view, this is direct evidence of the Defendant's unwillingness to abide by court orders. It is irrelevant in the Court's view whether the earlier case was as "serious" as the present case: what matters is that Defendant had no regard for the conditions imposed by the Superior Court.

Fourth, the Court finds that Defendant would pose a serious danger to the community if released, based on the allegations that Defendant sold numerous firearms into the community and participated in a pre-arranged armed robbery, all without any regard for the fact that he was under court supervision. The nature of Defendant's alleged conduct strongly supports the conclusion that he poses a risk of further endangering the community if released pending trial.

Finally, the Court finds that no condition or combination of conditions would assure the safety of the community and Defendant's appearance at trial. If convicted, Defendant is now facing a mandatory minimum five-year sentence on the 924(c) charge, consecutive to any sentence imposed on other counts of conviction. Given Defendant's demonstrated disregard for court conditions prohibiting him from engaging in criminal conduct, the Court finds that no condition or combination of conditions that relies in any way on Defendant's voluntary compliance would reasonably assure the safety of the community and Defendant's presence for trial. *See Hir*, 517 F.3d at 1081 (affirming district court's conclusion that there was an "unacceptably high risk that [defendant] would not comply in good faith with the proposed conditions, or any other combination of release conditions, imposed upon him").

## IV. CONCLUSION

Based on its independent review of the record in this case, the Court finds that Defendant has not rebutted the presumption that no condition or combination of conditions reasonably will assure the safety of the community. In addition, based on the record, even if Defendant had presented sufficient facts to rebut the presumption, the Court finds, taking into account the

evidentiary weight accorded the presumption, that the government has proven by clear and convincing evidence that there are no conditions which reasonably will assure the safety of the community. Accordingly, the Court **GRANTS** the United States' motion to revoke the release order and **ORDERS** the Defendant detained pending trial.

**IT IS SO ORDERED.**

Dated: 12/9/2018

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge