STEVEN G. KALAR
Federal Public Defender
Northern District of California
JOHN PAUL REICHMUTH
Assistant Federal Public Defender
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone: (510) 637-3500
Facsimile: (510) 637-3507
Email: John_Reichmuth@fd.org

Counsel for Defendant Sanchez

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 18–560 HSG |
| Plaintiff, | JESUS SANCHEZ'S SENTENCING MEMORANDUM |
| v. | Court: Courtroom 2, 4th Floor |
| JESUS SANCHEZ, | Hearing Date: October 7, 2019 |
| Defendant. | Hearing Time: 2:00 p.m. |

## I. INTRODUCTION

Mr. Sanchez comes before the court for sentencing on a single count of Brandishing a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c). The parties and Probation Officer agree that the Guideline sentence and the statutory minimum sentence are both 84 months prison. The defense has no objections to the Presentence Report (PSR). Pursuant to the plea agreement and the PSR, the parties and Probation Officer jointly support an upward variance to a sentence of 96 months incarceration followed by five years of supervised release. The court already has the benefit of a number of Presentence Reports and Sentencing Memoranda in this case. As an additional

guidepost, the court is aware that Mr. Sanchez's lead co-defendant Anthony Reed has already been sentenced to 96 months by this court. Docket No. 200. Mr. Sanchez shares Mr. Reed's lack of significant criminal history. Mr. Reed and Mr. Sanchez are alleged to have similar levels of culpability in this case. This Memorandum thus serves to briefly highlight some mitigating factors specific to Mr. Sanchez and respectfully request that the court accept the plea agreement and sentence Mr. Sanchez to the same term that was imposed on Mr. Reed.

II. FACTS

It is very unfortunate that Mr. Sanchez chose to take part in the financially motivated crimes at issue in this case, as he had a bright future. He had graduated from Leadership Public High School in Oakland in 2016 and enrolled at California State University East Bay in the same year. PSR ¶ 51. He had not had any contact with the criminal justice system until he was 19 years of age, after the events in this case were set in motion. PSR ¶¶ 34-37. He does not suffer from chemical dependency or mental illness. PSR ¶¶ 49-50. He has a very close family who have supported him through very difficult times. His childhood was anything but idyllic, however. His father was an abusive alcoholic, causing Mr. Chavez's mother, for example, to lock the children inside a room to protect them. His father's deportation then left the family without a stable residence, living in motels. In his father's absence, his mother worked long hours, which placed Mr. Chavez in the position of parent. PSR ¶¶ 42-43. Echoing this same dynamic years later, when Mr. Chavez's mother met with financial difficulties, Mr. Chavez dropped out of college to work at the Pick-n-Pull salvage yard. It was around the same time, 2018, that Mr. Sanchez is alleged to have begun deriving income from firearms sales, an enterprise that ended with his arrest for robbing a firearms buyer who Mr. Sanchez later learned was an undercover agent.

### III. ARGUMENT

Under federal law, *every day of incarceration must be necessary*. The court is familiar with the directives of *United States v. Booker*, 543 U.S. 220 (2005) and 18 U.S.C. § 3553(a). The Sentencing Guidelines range is not mandatory and the Court has a duty to exercise judgment and discretion in arriving at a sentencing determination. The Court must consider the Guidelines range, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentence disparities among similarly situated defendants. 18 U.S.C. § 3553(a)(1), (a)(4) and (a)(6). The court must impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes set forth in 18 U.S.C. § 3553(a): (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). An eight year federal prison sentence for Mr. Sanchez, who is 21 years of age, is sufficient but no greater than necessary to comply with the purposes of sentencing.

Several important reasons favor imposition of the requested sentence. Principally, the position of the government should be afforded credence, given the extensiveness of the investigation and the government's position as victim. The government's agreement to this disposition suggests that the requested sentence fulfills the retributive goals of sentencing, namely reflecting the seriousness of the offense, promoting respect for the law, and imposing just punishment. The need to avoid unwarranted sentencing disparities strongly militates for the requested sentence, given that an almost identically situated individual has already been sentenced to the requested term. Furthermore, there is little need to protect the public from Mr. Sanchez, deter him, or afford him rehabilitation. He is of good character; he has no history of impulsivity or violence; he does not have drug or mental health issues.

He committed a financially-motivated crime that he deeply regrets and that he is highly unlikely to repeat. The remaining factor, general deterrence, is likely to have already been accomplished through prosecution itself. Nevertheless, the term of years requested does represent to others that people who engage in this type of conduct will spend significant fractions of their lives in federal prison and under federal supervision. The requested sentence complies with the purposes of sentencing.

### IV. CONCLUSION

Based on the foregoing, it is respectfully requested that Mr. Sanchez be sentenced to 96 months incarceration, 5 years of supervision, and a $100 special assessment.

Dated:   September 30, 2019                     Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender
Northern District of California

                    /S/
JOHN PAUL REICHMUTH
Assistant Federal Public Defender